IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 5:06CV40-V

| | |
|---|---|
| INDUSTRIAL FUEL COMPANY, INC. | )<br>)<br>) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION**<br>) |
| vs. | )<br>) |
| INVISTA S.A.R.L., LLC, | )<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Remand" (document #4) filed April 5, 2006, and the Defendant's "Motion for Leave to Amend Notice of Removal" (document #8), filed April 24, 2006; as well as the parties' associated briefs and exhibits. Regarding the later, see documents ## 5, 7, 9, 13, 17, 19, 21 and 24.

On February 4, 2008, these Motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Plaintiff's Motion to Remand be denied and that the Defendant's Motion for Leave to Amend Notice of Removal be granted, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This is an action for collection of an account for goods sold. Concerning the present Motions and accepting the allegations of the Complaint as true, the Plaintiff, Industrial Fuel Company, Inc., is a North Carolina corporation with its principal place of business in Hickory, North Carolina, and

the Defendant, INVISTA, S.A.R.L., LLC, "is a foreign corporation organized under the laws of the Country of Luxembourg and ha[ving] its principal office and place of business in Wichita, Kansas." "Notice of Removal" at 3 (document #1).

On February 13, 2005, the Plaintiff filed its two-page Complaint in the Superior Court of Catawba County, North Carolina, alleging, other than the parties' citizenship, only that the Defendant is indebted to the Plaintiff in the amount of $850,706.42 for goods sold on account; that the goods were shipped to the Defendant from North Carolina; and that the Defendant has refused the Plaintiff's demand for payment.

On March 23, 2005, the Defendant removed the state court case to the United States District Court for the Western District of North Carolina, alleging federal diversity subject matter jurisdiction. Concerning its citizenship, the Defendant stated that it "was, and at the present time is, a foreign corporation organized under the laws of the Country of Luxembourg, with its principal place of business in Wichita, Kansas." "Notice of Removal" at 1 (document #1).

On April 5, 2006, the Plaintiff filed its Motion to Remand, contending that the Defendant is a limited liability company ("LLC") and that the Defendant's Notice of Removal is defective because it does not state the citizenship of the Defendant's members, as a removing LLC is required to do.

In its briefs opposing the Plaintiff's Motion, the Defendant credibly asserts that the "LLC" designation was added to its name when it sought authority to transact business in North Carolina, that is, that the North Carolina Secretary of State's office concluded that a S.A.R.L. entity created under Luxembourg's laws was most comparable to a LLC under North Carolina law. It is presently undisputed, however, that unlike a LLC created under North Carolina law, the Defendant does not have "members," as that term is used in LLC parlance, but only shareholders and managers, none

2

of whom is a North Carolina citizen.[1]

Although the Defendant maintains that its Notice of Removal was sufficient to establish the diversity of the parties' citizenship, "in an abundance of caution," it filed its "Motion for Leave to Amend Notice of Removal" to clarify the citizenship of its shareholders and managers.

The parties' Motions have been fully briefed and are, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In other words, it is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694,

---

[1]The Defendant's managers are Craig Munson, Jay Voncannon, and Marcel Stephany. Mssrs. Munson and Voncannon are citizens of Kansas, and Mr. Stephany is a citizen of Luxembourg. The Defendants' shareholders are all citizens of Luxembourg.

3

702 (1982).

The party seeking federal jurisdiction (in this case, the Defendant) has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004). Because the Plaintiff's claim arises entirely under state law, a basis for federal subject matter jurisdiction must exist under what is commonly called the Court's "diversity jurisdiction."

A case falls within a federal district court's diversity jurisdiction only if the amount in controversy exceeds $75,000 and diversity of citizenship among the parties is complete – that is, where no plaintiff and defendant are citizens of the same State. See, e.g., 28 U.S.C. § 1332; Schacht, 524 U.S. at 388; and Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990).

For purposes of determining whether the citizenship of the parties is diverse, a corporation is treated as a citizen of any state where it has been incorporated, as well as the state where it maintains its principal place of business, without regard for the citizenship of its shareholders. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (1999) (a corporation has its principal place of business at the "nerve center" and/or "place of" its operations); and Peterson v. Cooley, 142 F.3d 181, 184 (4th Cir. 1998).

Entities that are in the nature of a partnership, however, including a limited partnership or a limited liability company, are citizens of any state where even one general or limited partner or,

4

in the case of a limited liability company, one member resides.  Accord  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569 (2004) (partnership a citizen "of each state and foreign country of which any of its partners is a citizen"); Gen. Tech. App. Inc. v. Exro Ltda, 338 F.3d 114, 121 (4th Cir. 2002) ("a limited liability company ... is not a corporation and cannot be treated as such ... until Congress says otherwise ... [but rather] is an unincorporated association akin to a partnership for diversity purposes, whose citizens is that of its members"); and  New York State Teachers Retirement System v. Kalkus, 764 F.2d 1015, 1019 (4th Cir. 1985) ("the citizenship of a limited partnership is determined by considering the citizenship of all its partners, both general and limited").

Applying these legal principles to the record in this case, the Defendant has met its burden of establishing a basis for diversity jurisdiction.  As an initial matter, the Plaintiff seeks damages in excess of $850,000 and, accordingly, the amount in controversy requirement has clearly been met.

Concerning the parties' citizenship, there is no dispute that the Plaintiff is a North Carolina corporation.  The parties assert that there is no authority considering, much less deciding, whether a S.A.R.L. created under the laws of Luxembourg is to be treated as a corporation or a limited liability company for diversity purposes, and the undersigned is aware of none.  Applying either analysis, however, it is clear that the Defendant is not a citizen of North Carolina, that is, that the parties' citizenship is diverse.

Analyzed as a corporation, the Defendant is a citizen of Luxembourg, its place of incorporation, and Kansas, where it maintains its principal place of business.  Accord  28 U.S.C. § 1332(c)(1) ("a corporation shall  be deemed  to  be  a  citizen  of any  State by which it has been incorporated  and  of  the  State where  it  has its principal  place of business"); and Athena

Automotive, Inc., 166 F.3d at 290 (a corporation has its principal place of business at the "nerve center" and/or "place of" its operations).

The result is the same if the Defendant is treated as a limited liability company because its managers are citizens of Kansas and Luxembourg and its shareholders are citizens of Luxembourg. In other words, and assuming *arguendo* that a S.A.R.L. is akin to a partnership in the same fashion as a North Carolina LLC, the Defendant is a citizen, at most, of Kansas and Luxembourg. Accord Grupo Dataflux, 541 U.S. at 569 (partnership a citizen "of each state and foreign country of which any of its partners is a citizen"); Gen. Tech. App. Inc., 338 F.3d at 121 ("a limited liability company ... is not a corporation and cannot be treated as such ... until Congress says otherwise ... [but rather] is an unincorporated association akin to a partnership for diversity purposes, whose citizens is that of its members"); and New York State Teachers Retirement System, 764 F.2d at 1019 ("the citizenship of a limited partnership is determined by considering the citizenship of all its partners, both general and limited").

In short, the Defendant has shown that it is a citizen of Kansas and Luxembourg, but not North Carolina. Accordingly, where the citizenship of the parties is diverse and the amount in controversy far exceeds the minimum jurisdictional requirement, the Defendant has met its burden of establishing that subject matter jurisdiction exists. Accordingly, the undersigned will respectfully recommend that the Plaintiff's Motion to Remand be denied.

For the same reasons, and to permit the Defendant to clarify in its pleading, as it has in its briefs, that its managers and shareholders are not North Carolina citizens, the undersigned will also respectfully recommend that the Defendant's Motion for Leave to Amend Notice of Removal be granted.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Plaintiff's "Motion to Remand" (document #4) be **DENIED**; and that the Defendant's "Motion for Leave to Amend Notice of Removal" (document #8) be **GRANTED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED.**

Signed: February 5, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge