UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:06CV40

| | |
|---|---|
| JAMES T. WARD, as ) | |
| Chapter 7 Bankruptcy Trustee for ) | |
| INDUSTRIAL FUEL COMPANY, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| INVISTA S.A.R.L., LLC, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on the following Motions: a) Defendant INVISTA's Motion to Change Venue to the Eastern District of North Carolina (Document #2);[1] and b) Plaintiff Ward's Motion to Refer this Matter to the U.S. Bankruptcy Court for the Western District of North Carolina and Memorandum in Support (Documents ##30-31), Defendant's Response (Document #32), and Plaintiff's Reply (Document #34). These matters are now ripe for disposition.

---

[1] Motions and Memoranda related to this issue include Plaintiff's Response (Document #6); Defendant's Reply (Document #10); Plaintiff's Motion to File Sur-Reply and its Sur-Reply (Document #11); Supplemental Memorandum by Plaintiff on the Effect of Plaintiff Declaring Bankruptcy (Document #19); Amended Supplemental Memorandum by Defendant on the Effect of Plaintiff Declaring Bankruptcy (Document #22); Plaintiff's Reply Supplemental Memorandum on the Effect of Plaintiff Declaring Bankruptcy (Document #24).

Having carefully considered the arguments of the parties, the record, and the applicable authority, this Court will <u>grant</u> Defendant's Motion for Change of Venue to the Eastern District,[2] and <u>deny</u> Plaintiff's Motion for Reference of this Matter to the U.S. Bankruptcy Court for the Western District.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Posture

Plaintiff Industrial Fuel Company, Inc. ("Plaintiff" or "IFC")[3] filed suit against Defendant INVISTA S.a.r.L., LLC ("Defendant" or "INVISTA") in the Superior Court of Catawba County on February 13, 2006. On March 23, 2006, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 on the grounds of diversity jurisdiction. Defendant accompanied its Notice of Removal with a Motion to Change Venue to the U.S. District Court for the Eastern District of North Carolina. Plaintiff moved to remand the matter to Superior Court in Catawba County, and in the alternative, opposed a change of venue to the Eastern District.

---

[2] This Court has notified the U.S. District Court for the Eastern District of North Carolina that this case relates to a bankruptcy matter in that district, namely <u>In re: National Gas Distributors, LLC</u>, Case No. 06-00166-8-ATS. <u>See</u> Footnote 10, <u>infra</u>. The Eastern District, however, will determine whether referral of this matter to its Bankruptcy Court is appropriate.

[3] Plaintiff IFC declared bankruptcy on July 14, 2006 in the Western District of North Carolina, and through order of this Court, it has since substituted its Trustee, James T. Ward, as the named Plaintiff in this matter. <u>See</u> <u>In re: Industrial Fuel Co.</u>, Case No. 5-06-bk-50588. However, for the purpose of clarity, both IFC and Trustee Ward will be referred to as "Plaintiff" in this Order.

On February 2, 2008, by oral order, the undersigned referred the Motion to Remand of Plaintiff to Magistrate Judge Carl Horn. Judge Horn subsequently recommended that the Motion to Remand be denied, and that Defendant be granted leave to amend its Notice of Removal. Document #29. Plaintiff did not object to that Memorandum and Recommendation, and therefore that decision has become binding upon the parties. See 28 U.S.C. § 636(b)(1).

The remaining matter before the Court is the proper venue for this action. Defendant requested that this action be transferred to the U.S. District Court for the Eastern District of North Carolina, with subsequent referral to the Bankruptcy Court in that district. The Defendant so moved because it claims that the proper defendant in this action, and potential third-party defendant, is National Gas Distributors, LLC ("NGD"), who is currently before U.S. Bankruptcy Court for the Eastern District.[4] In February 2008, about six months after IFC itself declared bankruptcy in the Western District, Plaintiff Trustee Ward moved to transfer this matter to the U.S. Bankruptcy Court here in the Western District. Furthermore, this Court also has the authority to deny both motions and retain this lawsuit if it finds it appropriate.

**B. Factual Background**

Plaintiff IFC brought this action for the recovery of a sum certain, $850,706.42 plus interest, for natural gas that it delivered to Defendant INVISTA. INVISTA does not dispute that it received $850,706.42 of natural gas from IFC. However, INVISTA counters that the party liable for that amount is NGD, who is currently before Bankruptcy Court in the Eastern District.

For several years, INVISTA purchased natural gas from NGD. During the last few

---

[4]See In re: National Gas Distributors, LLC, Case No. 06-00166-8-ATS.

3

months of its purchases, INVISTA pre-paid NGD for its gas. In November and December of 2005, INVISTA pre-paid NGD a total of $4.4 million for gas to be delivered. However, for various reasons, INVISTA only received part of that gas. Then, INVISTA alleges that NGD made arrangements with IFC to deliver gas to INVISTA, with NGD promising to pay IFC from the pre-payments it had received from INVISTA. While IFC acknowledges supplying gas to INVISTA based upon its discussions with NGD, IFC contends that INVISTA remains severally liable for the cost of the gas it delivered. The liability for that $850,706.42 of gas is the matter in controversy in this suit.

On January 11, 2006, prior to bringing suit against INVISTA in the Superior Court of Catawba County, IFC brought suit against NGD in that same court. Specifically, IFC alleged that it supplied gas to NGD's customers in exchange for NGD's promise "to pay [IFC] immediately for all such deliveries." Document #10 at 13. About one week later, NGD filed for bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of North Carolina, which stayed IFC's state court action against NGD. On February 13, 2006, IFC then brought this suit against INVISTA, claiming that INVISTA is liable under a theory of contract or quasi-contract for its delivery of gas.

Both IFC and INVISTA have filed claims against NGD in Bankruptcy Court in the Eastern District. The Trustee for NGD in the Eastern District objected to both of these claims on the grounds that they were duplicative in part, namely for the amount in controversy in this action. That Bankruptcy Court found that it had jurisdiction to hear the claims of IFC and INVISTA against NGD, as well as IFC's claims against INVISTA. The Bankruptcy Court set a hearing date for that matter for November 2007, and all parties proceeded through a discovery

4

and pre-trial preparation period. However, just before the hearing date, by motion of IFC, the Bankruptcy Court stayed the hearing pending the resolution of the matter before this Court.

**C. Plaintiff IFC Declares Bankruptcy**

On July 14, 2006, IFC petitioned for relief in the U.S. Bankruptcy Court for the Western District of North Carolina.[5] That Court granted the requested relief and appointed a trustee, James T. Ward, under Chapter 7 of the Bankruptcy Code. On January 19, 2007, the parties submitted a Consent Motion and this Court issued an Order substituting James T. Ward as the Plaintiff in this action in his representative capacity as Chapter 7 Trustee for IFC. Additionally, this Court requested and received memorandum from both Plaintiff and Defendant detailing the effect, if any, that IFC's bankruptcy would have on the motions pending before this Court.[6] Documents ##19, 21, 22, and 24.

**D. Change of Venue Motions**

The remaining issue before this Court is whether the proper venue for this action is a) this Court, b) the Bankruptcy Court in the Western District where Plaintiff is the debtor, or c) the Bankruptcy Court in the Eastern District where NGD is the debtor. Defendant has argued that the Eastern District is the proper venue because the operative facts of the controversy include NGD, and because that venue is more convenient. While Plaintiff opposes transfer to the Eastern

---

[5] In re: Industrial Fuel Co., Case No. 5-06-bk-50588.

[6] Plaintiff Trustee Ward did not request reference of this matter to the Bankruptcy Court in the Western District in either of its memorandum.

District, it now argues that referral to the Bankruptcy Court in the Western District is most appropriate in light of its current bankruptcy proceedings there.

## II. DISCUSSION

### A. Procedural Posture of the Venue Motion in Light of the Bankruptcy Proceedings

Defendant INVISTA properly removed this matter to this Court. See Document #29. When Plaintiff IFC filed for bankruptcy protection, this lawsuit became an asset under those proceedings. See 11 U.S.C. § 541(a)(1).[7] This Court did not refer this matter to the Bankruptcy Court in the Western District to be heard as a proceeding related to IFC's bankruptcy, although it could have and recently was moved by Plaintiff to so order. See 28 U.S.C. § 157(a); Pl. Mt. Transfer (Documents ##30-31).[8] For the reasons discussed below, this Court will retain authority over this matter and now consider Defendant's Motion for Change of Venue.[9]

---

[7] IFC did not always retain control over this asset. After IFC filed for bankruptcy protection, Branch Banking & Trust Company ("BB&T"), as a secured creditor, received a release from the automatic stay to enforce its security interest in certain collateral, including this lawsuit. BB&T collected the debt in full and subsequently returned the remaining collateral, including this suit, to Trustee Ward. See Def. Am. Supp. Mem. 3 (Document #22).

[8] In its Motion, Plaintiff requests that this Court invoke Administrative Order 63 that instructs on the referral to the Bankruptcy Court of all proceedings that are related to bankruptcy matters before it. See A.O. 63(b)(2) (1984). Although this Court did not refer this proceeding to the Bankruptcy Courts, even if it had, it has always retained the authority to withdraw the referral of any proceeding by its own motion. See 28 U.S.C. § 157(d); A.O. 63(b)(2) (subjecting this A.O. to the "reference exceptions").

[9] This Court hereby grants relief from the automatic stay so far as it is necessary to resolve this adversarial proceeding. See 11 U.S.C. § 362.

**B. Defendant's Motion for Change of Venue to the Eastern District of North Carolina**

    **1. Standard of Review**

    A defendant in a removed action may also move for a change of venue pursuant to 28 U.S.C. § 1404(a). See Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 556 (W.D.N.C. 2005). Section 1404(a) provides that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The moving party carries the burden of demonstrating that venue should be transferred. Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990). Courts and commentators alike have listed a number of factors that a court should consider in evaluating the appropriateness of a motion to change venue. See Id. at 96; Pl. Resp. 4 and Def. Reply 7 (both citing to Moore's Federal Practice treatise). The Court will analyze the merits of this motion in the context of those factors.

    **2. Analysis**

    To successfully carry its burden for changing venue, the Defendant must demonstrate that a) this matter might have been brought in the Eastern District, and b) transfer is for the convenience of the parties and witnesses, and in the interest of justice.

    Defendant meets the first requirement of the statute because this matter could have been brought in the Eastern District. See 28 U.S.C. § 1391(a)(2) (the place of contract with NGD); 28

U.S.C. § 1409(a) (providing venue for proceedings related to the bankruptcy matter).[10]

Furthermore, the Court finds that transfer to the Eastern District is more convenient and betters serves the ends of justice. While this Court certainly gives considerable weight to the choice of forum by the Plaintiff, that choice has already been undermined by a proper Notice of Removal by the Defendant. Furthermore, although Plaintiff is a resident of the current forum, the significance of that factor is greatly overwhelmed by other considerations.[11]

One key factor in favor of transfer is that the operative facts of this controversy likely occurred in the Eastern District. In arguing otherwise, Plaintiff focuses myopically on the shipment of gas from itself to Defendant, actions that occurred in or around the Western District. Plaintiff overlooks the crux of the controversy, liability for payment, which turns on the nature of its understanding with NGD, a resident of the Eastern District. While Plaintiff contends that the Defendant is liable under a theory of contract or quasi-contract for goods delivered, the existence of any such contract claim necessarily depends on the determination of the agreement, if any,

---

[10] Plaintiff argues that this proceeding is not "related to" the bankruptcy of NGD. Pl. Sur-Reply 3-5. However, that argument misconstrues the relevant law in that it narrowly characterizes this matter as one of simple indemnification with common issues of fact. Id. at 5. Rather, in accord with the broad scope of the Fourth Circuit's "related to" standard, the outcome of this matter will most certainly impact the amount for which the debtor is liable to either Plaintiff or Defendant or both. See Owen-Illinois, Inc. v. Rapid American Corp., 124 F.3d 619, 625 (4th Cir. 1997). Furthermore, the Bankruptcy Court in the Eastern District has already determined that it has jurisdiction to resolve this lawsuit. Document #685 at 3 (Docket 06-00166-8-ATS).

[11] Plaintiff also argues that transfer to the Eastern District will hinder the subpoena power of that Court. Pl. Resp. 6 However, although facially appealing, that claim is mitigated by the promise of Defendant "to ensure the attendance of any of its employees or representatives" in the Eastern District. Def. Reply 8. Additionally, many of the witnesses needed to resolve this matter are employees of NGD, a resident of the Eastern District.

between Plaintiff and NGD or between Defendant an NGD.[12] In either case, essential facts for resolving this dispute lie with NGD in the Eastern District.

Second, and perhaps most significantly, concerns of judicial efficiency weigh heavily in favor of transferring this matter to the Eastern District. Effectively, this very matter has been pending in the Bankruptcy Court for the Eastern District since November 2007. After the NGD Trustee objected to the claims that Plaintiff and Defendant filed against the NGD estate as duplicative, the Bankruptcy Court set the matter for a hearing in November. Document #685 at 3 (Docket 06-00166-8-ATS). In preparation for that hearing, the parties conducted discovery and participated in a final pre-trial conference. Id. However, by motion of the Plaintiff, the Bankruptcy Court stayed the hearing pending the outcome of the litigation before this Court. Id. In that order of stay, Judge Small of the Eastern District Bankruptcy Court noted that "if the District Court for the Western District of North Carolina decides that the IFC litigation should be transferred to this court, the reasons for staying this proceeding are eliminated and because the parties are ready for trial, the entire matter could be resolved promptly." Id. at 4. Realizing the significant amount of time and preparation that the parties and the Bankruptcy Court for the Eastern District have already dedicated to this matter, this Court sees no reason to waste those efforts or to delay this matter any further.[13]

---

[12]As Defendant notes, Plaintiff alleged in its suit against NGD that it had agreed to provide gas to NGD customers in exchange for prompt payment by NGD. Def. Reply 13.

[13]This Court also finds that transfer to the Eastern District, with the likely referral to its Bankruptcy Court, best serves the interest of justice in the context of competing bankruptcy proceedings. This matter affects claims against the estate of NGD in the Eastern District, an issue that bankruptcy law is intended to address. This matter is an asset to Plaintiff, and thus only indirectly affects its bankruptcy proceedings in this district.

9

WHEREFORE, this Court hereby <u>grants</u> the Plaintiff's Motion for Leave to File a Sur-Reply, <u>withdraws</u> any reference of this lawsuit from the U.S. Bankruptcy Court for the Western District of North Carolina, <u>grants</u> relief from the automatic stay against IFC so far as it is necessary to resolve this adversarial proceeding, and finding the grounds for change of venue appropriate, <u>grants</u> Defendant's Motion for transfer of venue to the U.S. District Court for the Eastern District of North Carolina. The Court also <u>denies</u> the Motion of Plaintiff for referral of this matter to the Bankruptcy Court in the Western District.

Signed: March 10, 2008

Richard L. Voorhees
United States District Judge